# Agnes Plummer, Appellant, *v.* New York & Hudson River R. R.

*Negligence—Railroads—Crossings—" Stop, look and listen."*

In an action to recover damages for personal injuries received at a grade crossing, a compulsory nonsuit is properly entered where the evidence for plaintiff shows that, in approaching the crossing, she stopped about three hundred feet from it, where she had a view of the railroad; that she then proceeded to the crossing; that for a distance of fifty-five feet along the highway from the crossing there was an unobstructed view of the railroad for a distance of five hundred feet; that when about to go upon the crossing, a hand car approached and frightened her horse, causing him to wheel suddenly, upsetting the buggy, and causing her injuries.

Argued April 26, 1895. Appeal, No. 433, Jan. T., 1894, by plaintiff, from judgment of C. P. Clearfield Co., Feb. T., 1894, No. 305, entering nonsuit. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before GORDON, P. J.

At the trial it appeared that on Nov. 11, 1893, plaintiff was injured by being thrown from a buggy at a grade crossing of defendant's railroad. The evidence for plaintiff showed that she was driving with her brother in a buggy, and that at a point about two hundred and ninety-three feet from the crossing they stopped, looked and listened. At this point the railroad could be seen for a considerable distance. They then drove on, and without further stop approached the crossing, and were about to drive upon it when a hand car approached. The hand car was stopped sixteen feet short of the crossing, but plaintiff's horse became frightened and wheeled sharply around, upsetting the buggy, throwing plaintiff upon the track, and injuring her. There was no collision between the hand car and the buggy or horse. It also appeared that for a distance of fifty-five feet along the highway from the crossing there was an unobstructed view of the railroad as far as the track continued straight, which was about five hundred feet. Several witnesses for the plaintiff testified that the point where the plaintiff stopped was not the usual place for stopping.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*David L. Krebs, Wm. Paterson* with him, for appellant.—The plaintiff was not guilty of contributory negligence: North P. R. R. v. Heileman, 49 Pa. 60; Penna. R. R. v. Beale, 73 Pa. 504; Cent. R. R. of New Jersey v. Feller; 84 Pa. 226; Lake Shore Ry. Co. v. Frantz, 127 Pa. 297; McGill v. Ry., 152 Pa. 331; R. R. v. Whitman, 156 Pa. 175; Neiman v. D. & W. Co., 149 Pa. 92; Urias v. R. R., 152 Pa. 326.

There was negligence on part of defendant: Ellis v. R. R., 138 Pa. 506; Del. etc. R. R. v. Jones, 128 Pa. 308; Phila. & Trenton R. R. v. Hagan, 47 Pa. 244; Kay v. Penna. R. R., 65 Pa. 269; Reeves v. Del. Co., 30 Pa. 454; Penna. R. R. v. Goodman, 62 Pa. 329; P. F. W. & C. R. R. v. Dunn, 56 Pa. 280; Penna. R. R. v. Barnett, 59 Pa. 259; Penna. R. R. v. Hope, 80 Pa. 373; Hoag v. R. R., 85 Pa. 298; P. & N. Y. Cent. R. v. Lacey, 89 Pa. 458; Oil Creek & Alleghany River R. R. v. Keigron, 74 Pa. 316; Kohler v. R. R., 135 Pa. 357; School Furniture Co. v. Warsaw School District, 122 Pa. 501.

*Thomas H. Murray* and *M. E. Olmsted, Allison O. Smith* with them, for appellee, cited: Ellis v. R. R., 138 Pa. 522.

Cited on the question of contributory negligence: Blaker v. R. R., 30 N. J. Eq. 241; P. & R. R. R. v. Ritchie, 102 Pa. 432; Aikin v. P. R. R., 152 Pa. 326; Urias v. P. R. R., 152 Pa. 326; Derk v. N. C. R. R., 164 Pa. 243: Myers v. B. & O. R. R., 150 Pa. 386; Penna. R. R. v. Beale, 73 Pa. 509; Schofield v. C. M. & St. P. R. R., 114 U. S. 615; Durbin v. Ore. Railway & Nav. Co., 32 Am. & E. R. R. Cases, 149.

On the question of defendant's negligence: Titus v. R. R., 136 Pa. 618; Kehler v. Schwenk, 144 Pa. 348; Reese v. Hershey, 163 Pa. 253; Lake Shore & M. S. R. v. Frantz, 127 Pa. 297; Goshorn v. Smith, 92 Pa. 435; Rothchild v. R. R., 163 Pa. 49; Pittsburg Southern Ry. v. Taylor, 104 Pa. 306; Penna. R. R. v. Barnett, 59 Pa. 259; Drayton v. N. P. R. R., 10 W. N. C. 55; Fouhy v. P. R. R., 17 W. N. C. 177; Kelley v. Shanley, 140 Pa. 213; Flint v. N. & W. R. R., 110 Mass. 222.

PER CURIAM, May 6, 1895:

The learned court was clearly right in refusing to take off

the judgment of nonsuit.   Viewing the evidence in its most favorable light for the plaintiff, there is nothing in it that would justify a jury in finding that defendant's alleged negligence was the proximate cause of her unfortunate injury.

Judgment affirmed.